**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210246-U

Order filed June 3, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0246 Circuit No. 21-CF-18 |
| | ) | |
| RYAN M. MEGLAN, | ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Hauptman and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1　　　*Held*:　The circuit court erred in granting defendant's motion to suppress.

¶ 2　　　The State appeals the La Salle County circuit court's order granting defendant's motion to suppress evidence. The State argues the search of defendant, Ryan M. Meglan, was reasonable based on the information that defendant was on mandatory supervised release (MSR) and was further supported by reasonable suspicion. We reverse and remand.

¶ 3　　　　　　　　　　　　　　I. BACKGROUND

¶ 4     On January 19, 2021, defendant was serving a term of MSR when he was searched by the police. The State subsequently charged defendant with two counts of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(g), (a)(7)(A)(ii) (West 2020)). Defendant filed a motion to suppress evidence. In the State's response to defendant's motion, the State attached as an exhibit defendant's MSR agreement. The search condition of his MSR agreement stated: "[y]ou shall consent to a search of your person, property, or residence under your control; including computer(s), peripherals and any and all media."

¶ 5     At the motion hearing, Deputy Jordan Hubinsky testified that he was dispatched to defendant's residence in response to a domestic dispute. Defendant, defendant's girlfriend Tiffany Peterson, Peterson's sister, and Peterson's children were at the residence. Defendant was upset and believed to be under the influence. There were no signs of physical violence. Defendant voluntarily agreed to leave the residence. Hubinsky spoke with Peterson but did not recall what was said. Hubinsky then left the residence.

¶ 6     Later that evening, Hubinsky was again dispatched to defendant's residence because defendant kicked in a back door. Hubinsky observed damage to the back door. Defendant was packing his belongings. Defendant placed a coat next to a garbage bag he was using to pack his belongings. Based on defendant's actions, intoxicated appearance, and Peterson's statement that defendant was under the influence, Hubinsky believed defendant possessed an illegal substance. Hubinsky brought the coat to defendant and performed a search of defendant's person and the coat. Hubinsky conducted the search pursuant to defendant's MSR agreement. Hubinsky did not ask defendant permission to search the coat. Hubinsky found alleged contraband, a scale, and defendant's identification inside the coat. Hubinsky arrested defendant.

¶ 7        Peterson testified that she was at defendant's residence with defendant, her sister, and her two children when she and defendant engaged in a verbal argument. The police were called. Peterson spoke with Hubinsky. Hubinsky advised Peterson that there was nothing he could do because defendant was on MSR and she should contact defendant's MSR officer. Defendant left the residence and soon after the police left. Peterson did not observe defendant with any illegal narcotics or use any illegal narcotics while at the residence.

¶ 8        Afterwards, Peterson heard defendant trying to turn the knob at the front door and then the back door. Defendant entered through the back door, but he did not kick the door in. The police were again called. Defendant placed his coat on the kitchen floor, sat on the couch, and talked with Peterson and her sister. Defendant did not move the coat or go near it.

¶ 9        Hubinsky arrived at the residence, and defendant let him in. Defendant began to pack his belongings, and Hubinsky asked defendant if he needed help. Hubinsky and defendant then went into a bedroom to pack defendant's belongings into a garbage bag. Another deputy asked Peterson if the coat on the kitchen floor belonged to defendant. Peterson informed the deputy it did belong to defendant, and the deputy took the coat into the bedroom where defendant and Hubinsky were packing. Hubinsky did not ask defendant's permission to search the coat. The deputies arrested defendant.

¶ 10       The court found that Hubinsky did not ask for consent to search defendant's coat, thus, his search pursuant to defendant's MSR agreement was invalid. Further, under the circumstances, Hubinsky did not have any valid justification to search defendant's coat. The court granted defendant's motion to suppress evidence. The State filed a certificate of impairment and notice of appeal.

¶ 11                                  II. ANALYSIS

3

¶ 12    The State argues the circuit court erred in granting defendant's motion to suppress evidence because Hubinsky's search of defendant's person and coat was reasonable based solely on the information that defendant was on MSR. Further, the search was also supported by reasonable suspicion in the form of defendant's perceived intoxication, confirmation from Peterson that defendant was intoxicated, and multiple dispatches to defendant's residence.

¶ 13    "Review of a motion to suppress involves both questions of fact and law." *People v. Moss*, 217 Ill. 2d 511, 517 (2005). "A reviewing court will uphold findings of historical fact made by the circuit court unless such findings are against the manifest weight of the evidence." *Id.* at 517-18. "However, we review *de novo* the ultimate question of whether the evidence must be suppressed, undertaking our own assessment of the facts in relation to the issues presented." *Id.* at 518.

¶ 14    The fourth amendment to the United States Constitution guarantees the right of the people to be secure in their person, house, papers, and effects against unreasonable searches and seizures. U.S. Const., amend. IV.; *People v. Wilson*, 228 Ill. 2d 35, 40 (2008). The fourth amendment applies to the states through the due process clause of the fourteenth amendment. *Wilson*, 228 Ill. 2d at 40. "Generally, the fourth amendment requires the government to possess a warrant supported by probable cause for a search to be considered reasonable." *Id.* However, a reasonable search of individuals on MSR does not require a warrant. *Id.* "In determining the reasonableness of a warrantless search, a court must examine the totality of the circumstances and assess, on the one hand, the degree to which the search intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Id.* Individuals on MSR enjoy a greatly diminished expectation of privacy due to their status as parolees. *Id.* at 41. In contrast, the State has a substantial interest in preventing

recidivism and protecting society from future crimes. *Samson v. California*, 547 U.S. 843, 853 (2006). Further, " '[t]he Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee.' " *Wilson*, 228 Ill. 2d at 52 (quoting *Samson*, 547 U.S. at 857).

¶ 15    The record in this case clearly establishes that defendant was serving a term of MSR at the time of Hubinsky's search. Specifically, Hubinsky and Peterson testified that defendant was on MSR at the time of the search. Because of defendant's MSR status, Hubinsky was permitted to perform a warrantless search of defendant, his residence, and his property. See *Samson*, 547 U.S. at 846-47, 857 (suspicionless search of known parolee walking down the street was reasonable). Thus, we find that Hubinsky's search was reasonable based on the totality of the circumstances. As defendant's MSR status, by itself, is sufficient grounds to conduct a warrantless search of defendant and his jacket, we need not determine whether Hubinsky had reasonable suspicion to conduct the search.

¶ 16                                III. CONCLUSION

¶ 17    The judgment of the circuit court of La Salle County is reversed and remanded.

¶ 18    Reversed and remanded.